[No. 13924.   Department One. — February 4, 1892.]

# E. B. BALL, A MINOR, ETC., APPELLANT, v. THOMAS E. RAWLES, RESPONDENT.

MALICIOUS PROSECUTION — MALICE — WANT OF PROBABLE CAUSE — BURDEN OF PROOF — QUESTIONS OF FACT AND LAW. — In an action for malicious prosecution, the plaintiff, in order to recover, must establish both malice on the part of the defendant, and a want of probable cause. The question as to whether or not the facts establish malice is a question of fact for the jury, but whether the defendant had or had not probable cause for instituting the prosecution is always a question of law to be determined by the court, and it is error to submit it to the jury.

ID. — WANT OF PROBABLE CAUSE — ADMITTED FACTS — APPLICATION OF LAW TO DISPUTED FACTS. — When the facts in reference to the alleged want of probable cause are admitted or established beyond controversy, the determination of the question as to whether or not they establish probable cause is for the court, and the jury should be instructed that there was or was not probable cause, as the case may be; but when the facts are controverted, and the evidence is conflicting, the jury should be instructed that if they find the facts in a designated way, such facts, when so found, do or do not amount to probable cause; but in neither case are the jury to determine whether or not the established facts do or do not amount to probable cause.

ID. — INSTRUCTIONS — DEFINITION OF PROBABLE CAUSE — ABSTRACT PROPOSITIONS — PROVINCE OF COURT AND JURY. — The question of probable cause being always to be determined by the court from the facts in each particular case, it is unnecessary and improper to give to the jury any definition of the term, or any instruction upon abstract propositions relating to the subject; but the instructions should always be in the concrete, and never leave to the jury the office of determining the question.

ID. — ACTION NOT FAVORED — PUBLIC POLICY — GOOD FAITH OF PARTY CAUSING ARREST. — Malicious prosecutions have never been favored in law, though upheld when the proper elements of malice and want of probable cause are shown. It is for the best interests of society that any citizen who has reason to believe the law has been violated shall have the right to cause the arrest of the offender, and it is matter of public policy that he should be protected, if he had reasonable ground for his belief, and acted in good faith.

ID. — JUSTIFICATION OF ARREST — REASONABLE GROUND — BELIEF OF GUILT — INSTRUCTION. — While it is not necessary, in order to justify an arrest on a criminal charge, to show that the crime has in fact been committed, it is necessary to show not only that the defendant had reasonable ground to believe, but also that he did in fact believe, that the crime had been committed, and that the plaintiff had committed it; and an instruction omitting the element of such belief is erroneous.

ID. — SUBMISSION OF FACTS TO JURY — BELIEF OF DEFENDANT. — The belief of the defendant in a state of facts is itself a fact which should be submitted to the jury; and whenever the good faith of the defendant, or his knowledge or belief in an existing state of facts, is an element in deter-

mining whether there was probable cause, the court should submit that
question to the jury, as well as other facts bearing upon that issue.

ID. — REASONABLE AND PROBABLE CAUSE — DEDUCTION OF LAW — EXIST-
ENCE IN DEFENDANT'S MIND. — The reasonable and probable cause
must appear to be not only deducible in point of law from the facts, but
to have existed in the defendant's mind at the time of the proceeding.

ID. — ADVICE OF JUSTICE OF PEACE — GOOD FAITH IN ARREST. — The advice
of a justice of the peace upon the facts stated to him by the complainant,
that a crime had been committed, and upon which he issued a warrant
of arrest, is sufficient to exonerate the complainant from liability for the
arrest, if he honestly and in good faith acted under such advice.

ID. — EVIDENCE — LEASE TO THIRD PARTY — MOTIVE OF ARREST. — In an
action for a malicious arrest, a lease from the defendant to a third party
is not admissible to determine the motive of defendant in arresting the
plaintiff, nor is evidence admissible to show that defendant was anxious
to have the lease annulled and forfeited, as it would only raise a con-
jecture that he instituted the arrest for the purpose of ascertaining
whether there were any grounds upon which the forfeiture could be
shown.

SLANDER — INJURY TO CHARACTER — PRIVILEGED COMMUNICATION — COM-
PLAINT FOR ARREST — PERJURY — ACTION FOR DAMAGES. — Under sec-
tion 47 of the Civil Code, a complaint in a court of justice which has
jurisdiction of the offense charged is a privileged communication, for
which the complainant is not liable in a civil action. If the complainant
in such proceeding makes a false accusation, the proper remedy therefor
is an indictment for perjury; but he cannot be made liable for damages
in a civil action on account thereof.

APPEAL from a judgment of the Superior Court of
Mendocino County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*J. T. Rogers,* for Appellant.

It was error for the court to exclude the lease offered
in evidence, as the plaintiff had the right to submit to
the jury whether or not the genuine reason of his arrest
was not found in the disposition of the defendant to
annul the lease. (*Lyon* v. *Hancock,* 35 Cal. 373; *People*
v. *Scoggins,* 37 Cal. 676; *Lamb* v. *Galland,* 44 Cal. 609.)
The court erred in giving contradictory instructions to
the jury. (*Clarke* v. *McElvy,* 11 Cal. 161; *People* v. *An-
derson,* 44 Cal. 69; *Estate of Cunningham,* 52 Cal. 465.)
The court also erred in leaving the question of probable
cause to the jury, as such question is one of law, solely

for the determination of the court, and should never, under any circumstances, be left to the jury. (*Harkrader* v. *Moore*, 44 Cal. 152; *Grant* v. *Moore*, 29 Cal. 647; *Potter* v. *Seale*, 8 Cal. 220; *Eastin* v. *Bank*, 66 Cal. 123; 56 Am. Rep. 77; *Fulton* v. *Onesti*, 66 Cal. 575; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Besson* v. *Southard*, 10 N. Y. 236.) The court erred in giving the seventh instruction, as it ignores the essential that the defendant must have believed in the plaintiff's guilt. To a reasonable man the circumstances might indicate crime, and yet the defendant might be fully convinced of the innocence of the accused. He might know it, but under this instruction he could, without liability, prosecute on appearances. (2 Greenl. Ev., sec. 455; *Harkrader* v. *Moore*, 44 Cal. 148; *Wild* v. *Odell*, 56 Cal. 136; *Hahn* v. *Schmidt*, 64 Cal. 284; 4 Wait's Actions and Defenses, 343–353; 3 Lawson's Rights and Remedies, sec. 1092.) The eighth instruction was also erroneous, as it informed the jury that the defendant, if he had an honest belief, was entirely exonerated from all investigation as to the real truth of the alleged crime. (3 Lawson's Rights and Remedies, sec. 1096; 2 Greenl. Ev., sec. 455; *Harkrader* v. *Moore*, 44 Cal. 151.) The court also erred in holding that the opinion of the justice was an exoneration of the defendant. (*Olmstead* v. *Partridge*, 16 Gray, 381; *Brooks* v. *Warwick*, 2 Stark. 389; *Straus* v. *Young*, 36 Md. 246; *Williams* v. *Vanmeter*, 8 Mo. 339; 41 Am. Dec. 644; *Moore* v. *Sauborin*, 42 Mo. 494; *Burgett* v. *Burgett*, 43 Ind. 78; *Potter* v. *Casterline*, 41 N. J. L. 22; *Brobst* v. *Ruff*, 100 Pa. St. 91; 45 Am. Rep. 358; *Gee* v. *Culver*, 12 Or. 228; *Dolbe* v. *Norton*, 22 Kan. 101; *Murphy* v. *Larson*, 77 Ill. 172; *Stanton* v. *Hart*, 27 Mich. 539.) The fact that the libel was contained in a complaint made before the justice of the peace for the issuance of a warrant in a criminal proceeding does not render the alleged libel a privileged communication. (Odgers on Libel and Slander, 187, 188, 220, 221, 226; *White* v. *Nicholls*, 3 How. 266; *Hill* v. *Miles*, 9 N. H. 14; *Dennis* v. *Ryan*, 5 Lans. 350; 63 Barb. 145; 65 N. Y. 385; 22 Am. Rep. 635; *Shaul* v.

*Brown,* 28 Iowa, 37; 4 Am. Rep. 151; *Anderson* v. *Buchanan,* Wright, 775; *Barton* v. *Kavanaugh,* 12 La. Ann. 332; *McLaughlin* v. *Cowley,* 127 Mass. 316; *Streight* v. *Bell,* 37 Ind. 550; *Forbes* v. *Johnson,* 11 B. Mon. 48; *Shaddon* v. *McElwee,* 86 Tenn. 146; 6 Am. St. Rep. 821.)

*T. L. Carothers,* for Respondent.

A complaining witness, in lodging a criminal complaint before a magistrate, is shielded from liability for an action for malicious prosecution, when advised by the magistrate that he has reasonable cause to institute the criminal proceedings. (*Hahn* v. *Schmidt,* 64 Cal. 284; *Jones* v. *Jones,* 71 Cal. 89; *Newman* v. *Davis,* 10 N. W. Rep. 852; *Levy* v. *Brannan,* 39 Cal. 485.) The alleged libel contained in the complaint, made before the justice of the peace for the issuance of the writ in the criminal proceeding, was a privileged communication. (*Kidder* v. *Parkhurst,* 3 Allen, 393.) No proceeding in a regular course of justice is to be deemed an actionable libel. (*Garr* v. *Selden,* 4 N. Y. 91; *Marsh* v. *Ellsworth,* 50 N. Y. 309; Townshend on Slander and Libel, secs. 220, 224; *Hartsock* v. *Reddick,* 6 Blackf. 255; 38 Am. Dec. 141, and note.)

HARRISON, J. — Action against the defendant for a malicious prosecution in causing the arrest of the plaintiff upon a criminal charge.

At the request of the defendant, the court instructed the jury: " If the jury believe from the evidence that the defendant had probable cause to believe that the plaintiff was guilty of the offense charged against him, then it is not material whether the defendant was actuated by proper motives or improper motives in instituting the criminal proceedings against the plaintiff. To authorize a recovery in this class of cases, it must appear that the defendant was actuated by malice, but the jury must further believe from the testimony that the defendant had no probable cause or no reasonable ground to believe that the plaintiff was guilty of the offense charged against

him; and the court further instructs the jury that probable cause means reasonable ground of suspicion, supported by circumstances in themselves sufficiently strong to warrant a reasonably cautious man in the belief that the person accused is guilty of the offense charged."

"I instruct you, that to entitle the plaintiff to recover, you must find from the evidence that the prosecution complained of was commenced by the defendant through malice, and also that it was without probable cause; and if the plaintiff has failed to show, by a preponderance of evidence, either of these propositions, the jury should find for the defendant."

In giving these instructions, the court committed error, for which a new trial should have been granted. The error was not obviated by the fact that the court, at the request of the plaintiff, instructed the jury that if they should find from the evidence " that the defendant, in swearing out the warrant and causing the arrest of the plaintiff, did not believe that plaintiff was guilty of any crime, and that he did not have sufficient knowledge, as a cautious and prudent man, acting conscientiously and impartially, to believe the plaintiff guilty of any crime, then, as a matter of law, there was no probable cause for the arrest and prosecution of plaintiff," and also, that if they should find from the evidence a certain state of facts, which were enumerated, those facts would not constitute a probable cause.

These were not the only facts of which evidence regarding probable cause had been given to the jury, and the above instructions given at the request of the defendant left to the jury the function of determining this question. The court should have told the jury, either that the evidence which was introduced was or was not sufficient to establish a probable cause, or that, as from the evidence they should find the facts which, in the opinion of the court, would or would not be sufficient to show a probable cause, their verdict should be for or against the defendant.

In order to maintain an action for malicious prosecution, the plaintiff must establish malice on the part of the defendant, and also a want of probable cause. Malice is always a question of fact for the jury, but whether the defendant had or had not probable cause for instituting the prosecution is always a matter of law to be determined by the court. If the facts upon which the defendant acted are undisputed, the court, according as it shall be of the opinion that they constituted probable cause or not, either will order a nonsuit (or direct a verdict for the defendant), or it will submit the other issues to the jury; but whether admitted or disputed, the question is still one of law to be determined by the court from the facts established in the case. If the facts are controverted, they must be passed upon by the jury before the court can determine the issue of probable cause; but the question of probable cause can never be left to the determination of the jury. "What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court, the latter for the jury." (*Stone* v. *Crocker*, 24 Pick. 84.) "When there is no dispute about the facts, the question of the want of probable cause is for the determination of the court; where the facts are controverted or doubtful, whether they are proved or not, belongs to the jury to decide; or in other words, whether the circumstances alleged are true is a question of fact; but if true, whether they amount to probable cause is for the court." (*Bulkeley* v. *Keteltas*, 6 N. Y. 387.) Probable cause is in the nature of a judgment to be rendered by the court upon a special verdict of the jury, and is not to be rendered until after the jury has given its verdict upon the facts by which it is to be determined. It is not, however, necessary that the facts be found by the jury in the form of a special verdict. The court may instruct them to render their verdict for or against the defendant according as they shall find the facts designated to it which the court may deem sufficient to constitute probable cause.

But it is necessary for the court, in each instance, to determine whether the facts that they may find from the evidence will or will not establish that issue. Neither is it competent for the court to give to the jury a definition of probable cause, and instruct them to find for or against the defendant according as they may determine that the facts are within or without that definition. Such an instruction is only to leave to them in another form the function of determining whether there was probable cause. The court cannot divest itself of its duty to determine this question, however complicated or numerous may be the facts. It must instruct the jury upon this subject in the concrete, and not in the abstract, and must not leave to that body the office of determining the question, but must itself determine it, and direct the jury to find its verdict in accordance with such determination. The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that if they find such facts to be established, there was or was not probable cause, as the case may be, and that their verdict must be accordingly.

Actions for malicious prosecution have never been favored in law, although they have always been readily upheld when the proper elements therefor have been presented. They are sustained, however, only when it is shown that the prosecution was in fact actuated by malice, and that the party instigating it had no reasonable ground for causing the prosecution. It is for the best interests of society that those who offend against the laws shall be promptly punished, and that any citizen who has good reason to believe that the law has been violated shall have the right to cause the arrest of the offender. For the purpose of protecting him in so doing, it is the established rule, that if he have reasonable grounds for his belief, and act thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. This rule is founded upon grounds of public policy, in order to encourage the exposure of crime, and when the acts of the citizen in

making such exposure are challenged as not being within the reason of the rule, the court, as in every other case involving considerations of public policy, must itself determine the question as a matter of law, and not leave it to the arbitrament of a jury. And as a violation of law is never to be presumed from an act which is innocent in itself and in accordance with public policy, even though injury result therefrom, it is incumbent on him who would impeach the good faith of such act, to make proof of his charge before the other is called upon to defend his conduct.

Originally an action of this character was an action on the case in the nature of a writ of conspiracy, in which the plaintiff in the declaration charged the defendant with having falsely and maliciously caused his arrest. The defendant, in his plea, set forth the grounds of his suspicion under which he caused the arrest, the sufficiency of which was determined by the court upon a demurrer to the plea. (*Chambers* v. *Taylor*, Cro. Eliz. 900; *Coxe* v. *Wirrall*, Cro. Jac. 193; Com. Dig., tit. Pleader, 2, K; *Wear* v. *Wells*, 3 Bulst. 284.) In process of time a change was effected in the manner of pleading the cause of action, by which the plaintiff anticipated this plea by averring in the declaration a want of probable cause (*Savil* v. *Roberts*, 1 Salk. 13; 1 Ld. Raym. 374), and the facts were presented under the general issue; "yet the rule of law that the question belongs to the judge only, and not to the jury, is not, by such alteration in the pleading, in any way impaired." (*Panton* v. *Williams*, 2 Q. B. 193.) In the argument of Kelly for plaintiff in error in this case will be found an interesting account of the history and development of the rule by which this question is held to be always a matter of law, and never to be determined by the jury. *Johnstone* v. *Sutton*, 1 Term Rep. 545, is also a leading case on this subject, having been determined in the court of exchequer chamber, and afterwards affirmed in the house of lords. (1 Brown Parl. C. 76.)

The change in pleading by transferring to the declara-

tion the averment of a want of probable cause, although it imposed upon the plaintiff the necessity of making proof of this negative averment as a part of his cause of action, did not, however, change the issue from one of law to one of fact; for unless such want of probable cause was proved by him, it became the duty of the court to determine as matter of law that he had no cause of action against the defendant; and since such probable cause is a legal conclusion to be drawn from the facts, and its absence is an essential element to the plaintiff's right of action, it is at all times to be determined by the court whether the facts proved constituted such probable cause, just as under the original system the court determined upon the demurrer to the facts set up in the defendant's plea whether there were sufficient grounds for his suspicion. In *Panton* v. *Williams*, 2 Q. B. 192, the question depended upon the consideration of a combination of circumstances and facts, together with inferences to be drawn from them, and Lord Denman left it to be determined by the jury, to which direction counsel for the defendant excepted, and insisted "that his lordship was bound to state to the jury what facts, if proved, would amount to probable cause, leaving to them only the question whether they believed the evidence adduced in order to prove such facts," and the court in exchequer chamber sustained the exception, saying (p. 192): "Upon this bill of exceptions we take the broad question between the parties to be this: whether, in a case in which the question of reasonable or probable cause depends, not upon a few simple facts, but upon facts which are numerous and complicated, and upon inferences to be drawn therefrom, it is the duty of the judge to inform the jury that if they find the facts proved and the inferences to be warranted by such facts, the same do or do not amount to reasonable or probable cause, so as thereby to leave the question of fact to the jury and the abstract question of law to the judge. And we are all of opinion that it is the duty of the judge to do so." And, after stating that such had always been held to be the rule of law in ordi-

nary cases, said further: "And such being the rule of law where the facts are few and the case simple, we cannot hold it to be otherwise where the facts are more numerous and complicated. It is undoubtedly attended with greater difficulty in the latter case to bring before the jury all the combinations of which numerous facts are susceptible, and to place in a distinct point of view the application of the rule of law according as all or some only of the facts, and inferences from facts, are made out to their satisfaction; but it is equally certain that the task is not impracticable, and it rarely happens but that there are some leading facts in each case which present a broad distinction to their view without having recourse to the less important circumstances that have been brought before them."

In *Bulkeley* v. *Keteltas*, 6 N. Y. 387, the court held that it was error to leave to the jury to determine whether the circumstances proved in evidence did or did not establish a want of probable cause. When this cause was again tried in the superior court, the judge instructed the jury that if they should find that the defendants had reasonable grounds for believing that the plaintiff swore as had been charged (the plaintiff having been arrested upon a charge of perjury), that would establish a want of probable cause; but the court at general term (*Bulke-ley* v. *Smith*, 2 Duer, 261) held this instruction errone-ous, saying that, "from the terms in which it was expressed, it necessarily involved the submission to the jury of the question of probable cause, and was not limited to the facts upon which the question depended. The judge instructed the jury that they were to consider and determine whether the facts and circumstances known to the defendants were reasonable grounds for their be-lieving that the charge which they made against the plaintiff was true, and we are unable to make a distinc-tion between the existence or non-existence of reason-able grounds of belief, and the existence or want of a probable cause. There is a difference in the form of expression, but none in the meaning, since the existence

of reasonable grounds for believing a charge to be true
is in reality nothing more than a legal definition of a
probable cause for making it. In deciding that there
were no reasonable grounds of belief, a jury, of necessity,
decides that there was a want of probable cause. The
charge of the judge, therefore, amounted to no more
than the definition which the law gives of probable
cause, and permitted the jury, in the exercise of their
own judgment, to apply the definition to the facts of the
case; that is, permitted them to determine whether the
facts, which they might consider to be proved, did or did
not amount to a want of probable cause." In *Grant* v.
*Moore*, 29 Cal. 644, the court (p. 272), upon the ground
that the facts were controverted, conflicting evidence
to be weighed, and credibility of witnesses to be passed
upon, left to the jury to decide whether or not there
was probable cause for the prosecution of the suit;
and the supreme court, in holding that this action was
erroneous, said (p. 653): "The law makes it the duty
of the judge who tries an action for malicious prosecu-
tion to instruct the jury that as they may find and de-
termine certain questions of fact properly submitted to
them to be true or untrue, so must be their verdict for
the plaintiff or for the defendant; not that they should
determine the question of the want of probable cause, or
the contrary. It may sometimes be difficult to state to
the jury what the testimony is, and what facts, if found
to be true, establish the plaintiff's allegation of want of
probable cause; but, difficult as it may be, this duty is
cast on the judge in this kind of actions, because he is
presumed to know much better than the jury can what
facts show the existence of probable cause or the want of
it." In *Bulkeley* v. *Smith*, 2 Duer, 261, the court said:
" If the facts upon which the question of probable cause
depends are rendered doubtful by the evidence, the court
must instruct the jury that if the facts shall be found by
them in a certain manner, they do or do not amount, as
the case may be, to a want of probable cause, and con-
sequently will or will not entitle the plaintiff to the ver-

dict which he seeks. If, instead of such a direction, he leaves it to the jury to determine, not only whether the facts alleged by the plaintiff are true, but whether, if true, they prove a want of probable cause, he abjures his own functions, and commits a fatal error." In *Harkrader* v. *Moore*, 44 Cal. 152, the court said: " When the facts in reference to the alleged probable cause are admitted or established beyond controversy, then the determination of their legal effect is absolute, and the jury are to be told that there was or was not probable cause, as the case may be. When, however, the facts are controverted, and the evidence is conflicting, then the determination of their legal effect by the court is necessarily hypothetical, and the jury are to be told that if they find the facts in a designated way, then that such facts when so found do or do not amount to probable cause; but in neither case are the jury to determine whether or not the established facts do or do not amount to probable cause." (See also *Eastin* v. *Bank of Stockton*, 66 Cal. 125; 56 Am. Rep. 77; *Fulton* v. *Onesti*, 66 Cal. 575; *Bacon* v. *Towne*, 4 Cush. 217; 1 Saund. 230, note 4.)

2. The court also, at the request of the defendant, gave the jury the following instruction: "I instruct you that to justify an arrest on a criminal charge, it is not required that a crime shall in fact have been committed. If the facts which come to a person's knowledge are such as to create a belief that a crime has been committed by the person charged, in the mind of an impartial, reasonable man, this would be sufficient to constitute probable cause for making an arrest, although no crime had in fact been committed."

Inasmuch as the question of probable cause is always to be determined by the court from the facts in each particular case, it would seem unnecessary to give to the jury any definition of the term, or any instruction upon abstract propositions relating to this subject. These abstract rules will guide the court in determining the question, but are apt to lead the jury away from their function

of passing upon the effect of the evidence in support of the probative facts which the court may direct them to find in order to determine in which way their general verdict shall be rendered.

As a principle of law, this instruction was erroneous in omitting to include therein the further element that the defendant did in fact believe that a crime had been committed by the plaintiff. The circumstances in themselves might be such as ordinarily to create such belief in the mind of a person, yet the defendant might not have that belief, for the reason that he had knowledge of other facts or circumstances which would destroy such belief. While it is not necessary to show that the crime has in fact been committed, it is necessary to show, not only that the defendant had reasonable ground to believe, but that he did in fact believe, that the crime had been committed, and that the plaintiff had committed the crime. Although the question of probable cause, as we have seen above, is a question of law, yet the belief of the defendant in a state of facts is itself a fact which it is proper to submit to the jury for its consideration; and whenever the good faith of the defendant, or his knowledge or belief in an existing state of facts, is an element in determining whether there was probable cause, the court should submit that question to the jury, as well as the other facts which, in its opinion, bear upon that issue. " The prevailing law of reasonable and probable cause is, that the jury are to ascertain certain facts, and the judge is to decide whether those facts amount to such cause; but among the facts to be ascertained is the knowledge of the defendant of the existence of those which tend to show reasonable and probable cause, because without knowing them he could not act upon them, and also the defendant's belief that the facts amounted to the offense which he charged, because otherwise he will have made them the pretext for prosecution, without even entertaining the opinion that he had a right to prosecute. In other words, the reasonable and probable cause must appear, not only to be

deducible in point of law from the facts, but to have existed in the defendant's mind at the time of his proceeding." (*Turner* v. *Ambler*, 10 Q. B. 260. See also *Harkrader* v. *Moore*, 44 Cal. 152; *Bacon* v. *Towne*, 4 Cush. 239; *Woodworth* v. *Mills*, 61 Wis. 61; 50 Am. Rep. 135; *Fagnan* v. *Knox*, 66 N. Y. 525; *Delegal* v. *Highley*, 3 Bing. N. C. 950; 2 Greenl. Ev., sec. 455; Starkie on Slander and Libel, *472.)

3. It was not error for the court to instruct the jury that the plaintiff could not maintain the action if the defendant, before instituting the prosecution, fully and fairly stated the facts and circumstances to the justice of the peace, and was advised by him that they constituted reasonable cause for the arrest of the plaintiff, and he honestly and in good faith acted under such advice. Whatever may be the rule in other states, it was held in this state, in *Hahn* v. *Schmidt*, 64 Cal. 284, that the advice of a justice of the peace, upon the facts stated to him by the complainant that a crime had been committed, and upon which he issued a warrant of arrest, is sufficient to exonerate the complainant from liability for the arrest. Similar rulings have also been made in *Sisk* v. *Hurst*, 1 W. Va. 53; *Teal* v. *Fishel*, 28 Fed. Rep. 351; *Newman* v. *Davis*, 58 Iowa, 447; and, in England, in the cases cited in *Hahn* v. *Schmidt*, 64 Cal. 284.

4. The court properly excluded from evidence the lease from the defendant to Hunt. It was not relevant to any issue before the jury, and could not be considered by them for the purpose of determining the motive of the defendant in causing the arrest of the plaintiff. For the same reason the court properly excluded the offer on the part of the plaintiff to show that the defendant was anxious to have the lease annulled. The reason which the plaintiff urges as grounds for its admission, viz., that the defendant was anxious to have the lease forfeited, and instituted this action for the purpose of ascertaining whether there were any grounds upon which such forfeiture could be shown, is only a conjec-

ture, and in no wise connected with the arrest, and could not be considered by the jury.

5. The demurrer to the second count in the complaint was properly sustained. There can be no action for injury to character when the publication by which the injury is claimed to have been sustained is privileged. Section 47 of the Civil Code declares that " a privileged communication is one made . . . . 2. In any legislative or judicial proceeding, or in any other official proceeding authorized by law."

The effect of this provision is to make a complaint in a court of justice which has jurisdiction of the offense charged an absolute privilege, for which the complainant is not liable in a civil action. (*Hollis* v. *Meux*, 69 Cal. 625; 58 Am. Rep. 574.) If the complainant in such proceeding makes a false accusation, the remedy therefor is to procure his indictment for perjury, but he cannot be made liable for damages in a civil action.

The publication charged in this count of the complaint was a criminal complaint made by the defendant before a justice of the peace, and presented in the justice's court of Anderson township, county of Mendocino. If the matters set forth in that complaint constituted a crime, the justice's court had jurisdiction to entertain the complaint (Code Civ. Proc., sec. 115); and it is only upon the theory that such facts did constitute a crime that the complaint can be held to be an injury to the plaintiff's character.

The judgment and order denying a new trial are reversed.

PATERSON, J., and GAROUTTE, J., concurred.