[No. 19582.   Department Two.—August 3, 1895.]

## LEE SEABRIDGE, RESPONDENT, v. ROBERT Mc-ADAM ET AL., APPELLANTS.

MALICIOUS PROSECUTION—CRIMINAL CHARGE—MALICIOUS TEARING DOWN OF FENCES—EVIDENCE—WANT OF PROBABLE CAUSE.—In an action to recover damages for the malicious prosecution of a criminal action against the plaintiff, upon a charge that the plaintiff did maliciously and willfully tear down fences to make a passage through an inclosure, it appeared that the premises upon which the fence was broken through had been leased by an administrator, with a provision in the lease that, in case of a sale of the land with the crop thereon, the lessee should receive a reasonable compensation for his labor and expenditure in put-

ting in the crop and caring for the same until the sale, and that plain-
tiff was a subtenant under the lease, and had corn growing upon the
land, when one of the defendants became the owner through a sale by
the administrator; and there was evidence tending to show that the pur-
chaser knew of the rights of the tenant before he purchased the land,
and knew the terms of the lease, but claimed that the subtenant must
deliver the land to him and look to the administrator for payment for
his labor and expenditures, and that the subtenant persisted in holding
on until he was paid, whereupon the purchaser, without offering to pay
him, nailed up the fence where the subtenant had been in the habit of
going into his field, and forbade him to enter the field, and the break-
ing of the fence was done by the subtenant by prying off the boards in
order to go into his field; *held,* that such evidence tends to show a want
of probable cause for the criminal charge of maliciously tearing down the
fences.

ID.—ERRONEOUS INSTRUCTION—ADVICE OF COUNSEL—QUESTION OF FACT.—
In such action, it was error for the court to instruct the jury that the
evidence showed without contradiction that there was probable cause
for the criminal prosecution, because defendants acted in good faith,
under the advice of counsel, where it appeared that the attorney who
gave the advice for the arrest did not base his opinion upon the facts
disclosed by the plaintiff's evidence, which tended to show that defend-
ants knew facts not consistent with probable cause; but it is a question
of fact to be determined by the jury and not by the court, whether the
defendants made a fair and full statement to their attorney of the facts
which were known to them.

ID.—PROBABLE CAUSE, WHEN A QUESTION OF LAW.—Where all the facts are
admitted, the question whether there was probable cause is a question
of law for the court.

APPEAL from an order of the Superior Court of Los
Angeles County granting a new trial.    LUCIAN SHAW,
Judge.

The facts are stated in the opinion of the court.

*A. R. Metcalfe,* and *J. H. Merriam,* for Appellants.

The advice of counsel under a full and fair statement
of the facts is a defense to a malicious prosecution.
(*Paddock* v. *Watts,* 116 Ind. 146, 151; 9 Am. St. Rep.
832; *Potter* v. *Seale,* 8 Cal. 218, 226; *Jones* v. *Jones,* 71
Cal. 89, 94.)   It was a question for the court to decide
whether there was probable cause.   (*Grant* v. *Moore,* 29
Cal. 651; *Ball* v. *Rawles,* 93 Cal. 227; 27 Am. St. Rep.
174; *Bulkeley* v. *Keteltas,* 6 N. Y. 387; *Harkrader* v. *Moore,*
44 Cal. 152.)

*Edwin Baxter*, for Respondent.

The *bona fides* of the defendants was a question of fact which the court should not have decided, but should have submitted to the jury. (Const., art. VI, sec. 19; Code Civ. Proc., sec. 2061; *People* v. *Ybarra*, 17 Cal. 166; *Pico* v. *Stevens*, 18 Cal. 377; *Justice* v. *Lang*, 52 N. Y. 323; *Purkitt* v. *Polack*, 17 Cal. 327; *Miller* v. *Stewart*, 24 Cal. 503; *Emerson* v. *Skaggs*, 52 Cal. 247; *Logan* v. *Maytag*, 57 Iowa, 107; Coleridge, J., in *Haddrick* v. *Heslop*, 12 Q. B. 275; *Kimball* v. *Bates*, 50 Me. 308.) The advice of counsel is only so far good as a defense, as it tends to prove the honesty of the prosecutor's belief in the guilt of the accused. (*Sharpe* v. *Johnston*, 76 Mo. 660; 21 Am. Law Reg. 575, and note; *Brewer* v. *Jacobs*, 22 Fed. Rep. 217.) It is a question for the jury whether the belief of guilt was honest. (*Stewart* v. *Sonneborn*, 98 U. S. 187; *Sherburne* v. *Rodman*, 51 Wis. 474; *Hall* v. *Suydam*, 6 Barb. 83; *Ames* v. *Rathbun*, 55 Barb. 194; 37 How. Pr. 289; *Ames* v. *Snider*, 69 Ill. 379, 381; *Center* v. *Spring*, 2 Iowa, 393, 406; *Wetmore* v. *Mellinger* (Iowa, Jan. 16, 1883), 14 N. W. Rep. 722; *Dawson* v. *Schloss*, 93 Cal. 194; *Ross* v. *Langworthy*, 13 Neb. 492; *Gallaway* v. *Burr*, 32 Mich. 333; *Neufeld* v. *Rodeminski*, 144 Ill. 83.)

TEMPLE, J.—This is an action to recover damages for malicious prosecution of a criminal action against plaintiff upon a charge that plaintiff did maliciously and willfully tear down fences to make a passage through an inclosure under the act of March 16, 1871–72, page 384.

At the close of the trial in the present action the court instructed the jury to find for defendants on the ground that the evidence showed without contradiction that there was probable cause for the criminal prosecution, because defendants acted in good faith under the advice of counsel, given upon a consideration of all the facts in the case. Verdict was accordingly rendered for defendants, and upon a motion for a new trial was set aside by the judge, presumably because he was con-

vinced that he had erred in giving the instruction. This appeal is taken from the order granting a new trial.

It seems that plaintiff was in possession of a certain tract of land under a lease from an administrator. In the lease it was stipulated: "In case of sale by the party of the first part of any portion of said land before the same shall be in crop or use, such portion thereof shall be excepted from this lease, provided that all pasture land shall pay rent until so sold.

"In case of such sale of any portion of said land before the first day of July, 1890, with the crop thereon, to any person other than to said party of the second part, said portion shall be released by paying to said lessee of a reasonable compensation for his labor and expenditure in putting in of such crop and caring for the same until such sale."

Plaintiff was a subtenant of a portion of the demised premises, and had corn growing upon the land on the 31st of May, 1893, when McAdam became the owner of the land through a sale by the administrator.

There was evidence that tended to show that McAdam knew of plaintiff's rights before he purchased the land, and on the day of the confirmation of the sale he was shown a writing which contained the terms of the lease, and that he also knew of plaintiff's possession and rights.

When he had received his deed he claimed that plaintiff must deliver to him the land and look to the administrator for payment for his labor and expenditures. Seabridge merely persisted in holding on until he was paid. He was not paid the cost of putting in and caring for the crop, nor was any thing ever tendered to him in payment.

After several interviews between the parties and between McAdam and the administrator upon the subject, McAdam finally nailed up the fence where plaintiff had been in the habit of going into his field, and forbade plaintiff going into the field, and when plaintiff said he would do so, as he owned the crop and had a right so to

do, McAdam said: "If it's law you want I will give you all you want and stay with it as long as you can."

Plaintiff, having occasion to go to his field, pried off the boards which had been nailed on by McAdam and went in. For this he was arrested as stated.

The evidence produced by plaintiff made an undoubted case against defendant. There was no defense except that defendants had acted upon the advice of counsel. In his testimony McAdam made no attempt to state what he had told his counsel, or what his counsel knew about the facts.

The attorney was a witness and did not state upon what facts his advice was based. He merely stated that he had been the attorney for defendant McAdam; that he was informed that plaintiff had broken through the fence; that he knew there was a dispute between the parties, and that plaintiff claimed the right to go through the fence to the field; and further, that he attended the trial of the case against plaintiff, and no facts were brought out at the trial of which he was ignorant when he gave the advice.

He testified further that he had heard that plaintiff had made certain threats against McAdam, but had not heard and did not know that McAdam was aware of the fact at the time of the confirmation of the sale that plaintiff was the owner of the crop.

This testimony was entirely insufficient to show probable cause, or to justify the instruction. It was not denied that plaintiff broke through the fence. The only question, then, was whether he did so in good faith under a reasonable belief that he had a legal right so to do. If the facts had all been stated no reputable attorney could have doubted that plaintiff acted under such belief. The facts detailed to the attorney, or the information which he had, should have been proven. It was then a question of fact to be determined by the jury, and not by the court, whether the defendants had made a fair and full statement of the facts which were known to them.

And even if, upon such a statement of facts, such advice was given, it was still to be determined by the jury whether defendants acted upon it in good faith, believing that plaintiff was guilty of the offense charged.

And I think the jury would have been justified in this case in determining that they did not, if the facts were as shown by plaintiff's witnesses.

Could even an intelligent layman believe, under the advice of counsel, that plaintiff, under the circumstances related, was not acting under a reasonable belief that he had a right to go through the fence?  If not, it would not require a lawyer to determine that the act could not be malicious.

Of course I assume the facts to be as the plaintiff's testimony tended to prove them to be.   This must be assumed in favor of the decision.   They may not be as testified, and, of course, the attorney who gave the advice did not base his opinion upon such facts.   There was evidence, however, which tended to prove that McAdam knew of them.

Of course, if the facts are all admitted, the question whether there was probable cause is a question of law for the court.   The rule in such cases is fully and correctly stated in *Ball* v. *Rawles*, 93 Cal. 222; 27 Am. St. Rep. 174.

The order is affirmed.

HENSHAW, J., and McFARLAND, J., concurred.