[No. 3,046.]

## JOSEPH HARKRADER *v.* WILLIAM MOORE, Sr.

MALICIOUS PROSECUTION.—The gravamen of the action of malicious prosecution is, that the defendant instituted the criminal prosecution without having such a knowledge or information of the circumstances as would superinduce in the mind of a reasonable person a belief that the defendant was guilty.

IDEM.—The defense must be that the prosecutor did believe, and had reasonable grounds to believe at the time, that the accusation he made was well founded.

IDEM.—It is not sufficient for the defense to prove that facts and circumstances existed which furnished reasonable grounds for the belief that the defendant in the criminal action was guilty; but it must also be proved that the prosecutor had been informed of those facts and circumstances, and that he believed the facts amounted to the offense charged.

IDEM.—It is not sufficient that the defendant in an action for a malicious prosecution knew, or was informed, of the existence of facts sufficient to

make a reasonable person believe that the party prosecuted was guilty; but he must show that *he* believed he was guilty.

IDEM.—The jury, in an action for malicious prosecution, are not to determine whether the facts amount to a probable cause; but it is the province of the Court to determine that question. When the facts are not controverted, the Court must instruct the jury whether they amount to probable cause; and when they are controverted, the Court must instruct, that i they find the facts in a designated way, then such facts do, or do not, amount to probable cause.

IDEM.—Malice must be shown, in order to support the action for malicious prosecution; but it is not necessarily to be inferred from want of probable cause. There may be want of probable cause and no malice; but the jury may find the fact of malice from the circumstances of the want of probable cause.

The fourth instruction mentioned in the opinion was as follows:

"That if the defendant wrongfully, and without reasonable and probable cause, made the charge against the plaintiff, then the charge was malicious without proof that it was dictated by angry feelings or vindictive motives."

The other facts are stated in the opinion.

*Henry Edgerton* and *T. J. Tucker*, for Appellant.

The discharge alone was not proof of a want of probable cause for the charge. The question of probable cause does not turn on the actual guilt or innocence of the accused; it rests, to some extent, upon a different character of evidence. (*Foshay* v. *Ferguson*, 2 Denio, 619; 2 Phil. Ev. 258; *Hall* v. *Suydam*, 6 Barb. 86.)

The question of probable cause was not raised before the Justice, and hence his decision was not proof upon this point. (*Vanderbilt* v. *Mathis*, 5 Duer, 304; *Stone* v. *Crocker*, 24 Pick. 84; *Scott* v. *Simpson*, 1 Sandf. 601; *Adams* v. *Lisher*, 3 Blackf. 445.)

The instruction required the defendant to satisfy the jury

as to law as well as to facts—it required the defendant to satisfy the jury as to the whole question of probable cause. (*Grant* v. *Moore*, 29 Cal. 649; *Potter* v. *Seale*, 8 Cal. 220; *Bulkeley* v. *Smith*, 2 Duer, 271; *Haugburn* v. *Bull*, 1 Wend. 352; *Bulkeley* v. *Keteltas*, 6 N. Y. 387.)

The instruction misled the jury as to the extent of the proof required by defendant. The jury must have inferred from the instruction that the discharge by the Justice was proof of so high character, showing want of probable cause for the charge, that it became necessary for defendant to satisfy the jury beyond a doubt as to the existence of probable cause. In civil cases the jury must be governed by a preponderance of evidence, however slight. (1 Greenl. Ev., Sec. 13.)

What could be a better test of probable cause than facts sufficient to warrant a reasonable man in the belief that the charge was true? If such facts are not sufficient, then no person can safely make a criminal complaint.

The Court instructed the jury on the subject of malice, in substance, that any act willfully done, if unlawful, is malicious as to the person injured thereby. Malice in law is not sufficient to maintain an action of this kind; there must be malice in fact. (*Vanderbilt* v. *Mathis*, and *Bulkeley* v. *Smith*, above cited; *Levy v. Brannan*, 39 Cal. 488.)

*Pendegast & Stoney*, for Respondent.

The discharge of the plaintiff by the examining magistrate is prima facie evidence of the want of probable cause sufficient to throw upon the defendant the burden of proving the contrary. (Greenleaf on Evidence, vol. 2, p. 454, Sec. 455.)

In the case of a criminal prosecution a discharge by the examining magistrate, or a rejection of the bill by the Grand Jury, is prima facie evidence of want of probable cause, and

it is for the defendant to rebut this inference by contrary proof. (American Leading Cases, vol. 1, p. 215.)

The evidence as to probable cause being conflicting, the issue became a mixed question of law and fact for the jury. But if the matter of fact and matter of law, of which the probable cause consists, are intimately blended together, the Judge will be warranted in leaving the question to the jury. (Greenleaf on Evidence, vol. 2, p. 453, Sec. 454.) The facts assumed in plaintiff's proposed instruction, would not of themselves constitute probable cause for the prosecution. The instruction ignores the question whether or not the defendant did in fact believe that the plaintiff was guilty of larceny. (Greenl. on Ev., vol. 2, p. 455, Sec. 455.)

The instruction ignored the consideration whether or not Harkrader was claiming the rails in good faith, and whether or not the defendant knew that he took them under a claim of right. The taking of the rails by plaintiff without the knowledge of the owner, and the subsequent denial, may have been induced by fear, and the defendant may not have been led thereby to believe the plaintiff guilty of larceny. The instruction bases the existence of probable cause upon the taking of the rails by the plaintiff without the knowledge or consent of the owners or of the defendant. It makes the want of either knowledge or consent, and the want of knowledge or consent of either the owners or agent, sufficient in connection with the other facts to constitute probable cause.

The Court did not err in refusing to give the fifth instruction asked for by defendant's counsel. The instruction ignores the question of defendant's belief of plaintiff's guilt. To establish probable cause, it must have appeared that the defendant "believed that the facts amounted to the offense which he charged, because otherwise he will have made them a pretext for prosecution without even entertaining the opinion that he had a right to prosecute." (Greenleaf on

Evidence, vol. 2, p. 455, Sec. 455; *Foshay* v. *Ferguson*, 2 Den. 620.)

The facts of which defendant had knowledge as disclosed by the evidence were not sufficient to warrant a reasonable man in the belief that the plaintiff was guilty of the offense charged.

By the Court, WALLACE, C. J.:

This action was brought to recover damages for an alleged malicious prosecution of the plaintiff by the defendant, who, upon his affidavit made before a Justice of the Peace, charging the plaintiff with having stolen a parcel of fence rails of the alleged value of one hundred dollars, obtained from the Justice a warrant for the arrest of the plaintiff, upon which warrant the latter was arrested and imprisoned, but subsequently, upon being examined before the Justice, it appearing that there was no sufficient cause to believe him guilty, he was discharged from custody and all proceedings against him were dismissed.

The defendant, in his answer, denied that he instituted the proceedings maliciously or without probable cause, and averred that he had reasonable grounds and probable cause to believe, and did believe, that the charge of larceny made against the plaintiff was true, and that the affidavit in that behalf was made in good faith and only for the purpose of promoting the ends of justice and of the public welfare.

Upon trial before a jury the plaintiff obtained a verdict, upon which verdict judgment was rendered, and a motion of defendant for a new trial having been denied, this appeal is brought from the judgment and the order denying a new trial.

1. As to probable cause: It appears by the agreed statement found in the record that the evidence upon the part of the defendant tended to show that the rails, with the steal-

ing of which the plaintiff had been charged, were the prop-
erty of one Kettenburg and one Salcum, and in charge of
the defendant, Moore, as their agent, and "that the plaintiff
herein took said rails and converted them to his own use
without the knowledge or consent of the said Kettenburg or
Salcum, or of said Moore; and that after the rails were taken
away the plaintiff, Harkrader, denied to defendant that he
had taken the rails."

The Court having instructed the jury that if there was
probable cause for the prosecution of the plaintiff he could
not recover in this action, the defendant, thereupon, re-
quested an instruction that if the jury should find certain
enumerated facts, these would, of themselves, amount to
probable cause, and would entitle the defendant to a verdict.
These facts were, "that the defendant had the possession
and control of the rails as the agent of the owner, and that
plaintiff took said rails and converted them to his own use
without the knowledge or consent of the owners or of said
defendant, and that plaintiff afterwards denied to defendant
that he had taken said rails and endeavored to conceal his
act of taking said rails." The Court refused to so instruct,
and the defendant excepted.

We are of opinion that there was no error in refusing the
instruction as requested. The gravamen of the action is
that the defendant instituted the proceedings without prob-
able cause—that is, without having at the time such knowl-
edge or information of the circumstances as would superin-
duce in the mind of an ingenuous and unprejudiced person
of ordinary capacity a reasonable belief that the plaintiff
was guilty of the charge. The defense must be that *he did
believe* and *had reasonable grounds to believe at the time* that
the accusation he made was well founded. "Probable cause
does not depend on the actual state of the case, in point of
fact, but upon the honest and reasonable belief of the party
prosecuting. It must appear that the defendant knew of

the existence of those facts which tended to show reasonable and probable cause, because without knowing them he could not act upon them; and also that he believed the facts amounted to the offense which he charged, because otherwise he will have made them the pretext for prosecution without even entertaining the opinion that he had a right to prosecute. (2 Greenleaf Ev., Sec. 455.)

In *Delegal* v. *Highley*, 3 Bing. N. C. 959, which was an action for causing a false and malicious charge to be made against the plaintiff before a magistrate without any reasonable or probable cause, the defendant pleaded that he had caused the charge to be made "upon and with reasonable cause," etc., and then set forth the several facts and circumstances in which the charge against the plaintiff originated and upon which the proceedings had been instituted. To this plea a demurrer was interposed, and an objection taken was that it contained no allegation that the defendant at the time he caused the charge to be made had been informed of or knew or in any manner acted on those facts and circumstances. "And" (said TINDAL, C. J., in delivering the opinion of the Court) "we are of opinion that the plea is bad not only in form, but in substance, on this ground of objection. The gravamen of the declaration is that the defendant laid the accusation without any reasonable or probable cause operating on his mind at the time; and under the plea of not guilty the plaintiff must have failed at the trial if he had not proved that the facts of the case had been communicated to him, or at all events so much of the facts as would have been sufficient to induce a belief of the plaintiff's guilt on the mind of any reasonable man previous to the charge being laid before the magistrate. This was held by the Court of King's Bench in the course of last term, upon a motion for a new trial in the case of *Docorra* v. *Hilton.* And if the defendant, instead of relying on the plea of not guilty, elects to bring the facts before the Court in a plea of justi-

fication, it is obvious that he must allege as a ground of defense that which is so important in proof under the plea of not guilty, viz: that the knowledge of certain facts and circumstances which were sufficient to make him or any reasonable person believe the truth of the charge which he instituted before the magistrate, existed in his mind at the time the charge was laid, and was the reason and inducement for his putting the law in motion. Whereas, it is quite consistent with the allegations in this plea that the charge was made upon some ground altogether independent of the existence of the facts stated in the plea; and that the defendant now endeavors to support the propriety of the charge, originally without cause, by facts and circumstances which have come to his knowledge for the first time since the charge was made."

The instruction as requested, ignoring, as it did, the actual belief of the defendant *at the time he caused the arrest of the plaintiff*, and having no reference to the circumstances, or to the appearances of guilt of the plaintiff, then known to the defendant, and under which he laid the charge against the plaintiff, was properly refused.

2. The Court also refused to instruct the jury that if they believed from the evidence " that at the time of the alleged prosecution, the facts of which the defendant, Moore, then had knowledge, were sufficient to warrant a reasonable man in the belief that the alleged charge was true, the plaintiff cannot recover in this action."

This instruction as requested was obnoxious to the same objection as the last, in that it omitted all reference to the actual state of mind or belief of the defendant at the time; though the facts or circumstances of which he knew or was informed " were sufficient to warrant a reasonable man in the belief that the alleged charge was true," still the defendant may not, in fact, have believed the charge to be

true; and if he did not so believe, there could, as to him, be no probable cause for setting the prosecution on foot.

But the proposed instruction is in another respect objectionable. It sought to submit to the jury the question of the existence of probable cause. To inquire whether or not such facts as were known to the defendant were sufficient to warrant him as a reasonable man in the belief that the plaintiff was guilty, is to inquire not only what particular facts were known to him, but also, and at the same time, to determine their legal sufficiency or insufficiency as constituting probable cause. The authorities are substantially uniform that the question of probable cause, however presented, is a question of law, and, therefore, one to be determined by the Court. When the facts in reference to the alleged probable cause are admitted, or established beyond controversy, then the determination of their legal effect is absolute, and the jury are to be told that there was or was not probable cause, as the case may be. When, however, the facts are controverted, and the evidence is conflicting, then the determination of their legal effect by the Court is necessarily hypothetical, and the jury are to be told that if they find the facts in a designated way, then that such facts, when so found, do or do not amount to probable cause. But in neither case are the jury to determine whether or not the established facts do or do not amount to probable cause.

3. The Court instructed the jury at the instance of the plaintiff "that the plaintiff's discharge by the examining magistrate is prima facie evidence of the want or probable cause for the charge, and the burden is upon the defendant to prove to the satisfaction of the jury the existence of probable cause." The views already expressed in reference to the preceding point show this instruction to be erroneous. If the Court was of opinion that the discharge of the plaintiff, under the undisputed circumstances appearing, established the want of probable cause, the jury should have

been so instructed; if, however, there were other and disputed facts, the ascertainment of the truth of which by the jury in the one way or in the other would affect the question of probable cause, the disputed facts should have been called to their attention, and the legal effect of those disputed facts, when found either way as bearing upon the question of probable cause, should have been explained to them.

4. Malice in fact must be shown in order to support the action, and the fourth instruction, as given, would seem to mean that such malice must necessarily be inferred from the want of probable cause. It certainly does not follow that a wrongful accusation made—that is, an accusation made against a really innocent man—and without reasonable or probable cause, is malicious in fact by necessary conclusion; and while the jury *may* find the fact of malice from the circumstances of the want of probable cause, or from other circumstances established in the case, they are not to be told that a wrongful charge made, without probable cause, is *per se* malicious in fact.

Judgment reversed, and cause remanded for a new trial.