[No. 6,124.—In Bank.]

## REBECCA E. MALLETT *v.* W. B. SWAIN.

EXCEPTION—INSTRUCTIONS.—An exception to the instruction of the Court made after the retirement of the jury is too late. The Statute requires that an exception be taken at the time of the ruling.

BAILMENT—FRAUD.—Plaintiff's intestate, holding certain notes of the defendant, put them in a box, and placed the box in the defendant's keeping (the latter not knowing the contents), his object being that he might swear that he had no property, and thus evade payment of an obligation to another party. *Held*, that the plaintiff was entitled to recover the property.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial in the Nineteenth District Court, County of San Francisco. WHEELER, J.

*S. W. Holladay, James A. Waymire,* for Appellant.

Mallett could not be heard in Court to prove his own turpitude; and the plaintiff, being his legal representative, is in no better position. (*Lanuse* v. *Barker*, 10 John. 312; *St. John* v. *Kidd*, 26 Cal. 263; *Robinson* v. *W. P. R. R. Co.* 48 id. 425.)

The plaintiff cannot recover, for the reason that his cause of action is tainted with fraud.

*Lloyd Baldwin,* for Respondent.

The exception to the instructions came to late. (Civ. Code Proc. §§ 614, 646; *Hicks* v. *Coleman,* 25 Cal. 146.) The fraud theory is unavailing. The fraud must infect the very consideration.

By the COURT:

We see no reason to doubt the correctness of the opinion in this case of Department Two of this Court, filed March 19th, 1880. The further point, not mentioned in that opinion, is made, that even if Swain did execute the notes in suit, if they were by Mallet placed in a box in Swain's keeping, Swain having no knowledge that the notes were in the box, Mallet's object in so placing them being that he might swear that he had no property, and so avoid payment of his obligation to another party, such action on the part of Mallet would relieve Swain of his indebtedness to Mallet on the notes, and Mallet's representative cannot maintain an action thereon. We do not think that this point is tenable.

Judgment and order affirmed.

The opinion of Department Two is as follows:

MYRICK, J.:

This case was tried before a jury. After the arguments were concluded, defendant's counsel asked the Court to give two certain instructions to the jury. The Court refused to give the instructions. The Court then proceeded to give instructions; the jury then retired, and immediately afterwards defendant's counsel asked the Court to note an exception to the refusal to give the instructions asked. Plaintiff's counsel objected, that the exception should have been taken before the jury retired, and the objection was sustained. This refusal to give the instructions is assigned as error.

It is not necessary to pass upon the correctness of the instructions. The statute requires that an exception be taken at the

time of the ruling. This was not done. It was not error, therefore, for the Court to refuse to note an exception at a subsequent time. There was ample time, after the ruling, and before the jury retired, to have taken an exception.

The other matters referred to in the transcript were matters of fact, which were necessarily considered by the jury, and passed upon by them. There was a substantial conflict in the evidence, and the Court below denied defendant's motion for a new trial.

Judgment and order denying motion for new trial affirmed.

THORNTON, J., and SHARPSTEIN J., concurred.