[No. 13231.   Department Two. — January 13, 1890.,

A. A. McLAIN, RESPONDENT, v. BENJAMIN F. BAKER, APPELLANT.

APPEAL — REVIEW OF CONFLICTING EVIDENCE. — When the record upon appeal discloses a substantial conflict of evidence, and does not show that any of the facts found are contrary to the evidence, the findings of the court below will not be disturbed.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Paris, Goodcell & Fox,* for Appellant.

*Rowell & Rowell,* for Respondent.

GIBSON, C.— This action was to recover of the defendant the sum of $220, received from and to the use of plaintiff, and for services rendered by plaintiff to defendant, at his request, from about May, 1886, to on or about September 20, 1887, for which defendant agreed to pay the reasonable worth of such services, which were alleged to be reasonably worth the sum of $30 per month.

Defendant, by his answer, denied that he received from plaintiff any greater sum than $124.50, and that the plaintiff rendered him any services other than from April 20, 1887, to October 20, 1887, which, he avers, were at the agreed price of $15 per month.   And as an

LXXXII. CAL.—34

affirmative defense, that he, defendant, expended for the use of plaintiff, at his request, from December, 1885, to October, 1887, the sum of $437; that at plaintiff's request, he boarded and pastured three horses for plaintiff, for different periods, which board and pasture were reasonably worth $170; that through the negligence of plaintiff, he, plaintiff, lost a horse worth $50, loaned to him by defendant, for which he agreed to pay the latter sum; that he, defendant, furnished a hay-rack to plaintiff, and rendered certain services to him, at his request, reasonably worth $45.

The action was tried without a jury, and the court found that defendant received $220 which belonged to plaintiff, and returned only the sum of $165 thereof; that during the years 1886 and 1887 the plaintiff, at request of defendant, performed labor for defendant for a period of sixteen months, reasonably worth $30 per month, amounting in all to the sum of $480; and that all other accounts and demands existing between the parties, and set forth in defendant's answer, were fully settled by them prior to the commencement of this action.

Judgment was accordingly entered in favor of plaintiff for the sum of $535, and $130.10 costs. From the judgment, and an order denying a new trial, comes this appeal.

The only question raised by the appellant is, that the findings are not sustained by the evidence; or in other words, that they are against the weight of evidence.

As was said in *Spring V. W. W.* v. *San Mateo W. W.*, 64 Cal. 123: "In this court, it is incumbent upon the appellant, on such a contention, to show that in the evidence upon which the findings are based there was no substantial conflict, and that the facts and inferences deducible from them, as found by the court, were contrary to the evidence."

In the present case, the appellant has not attempted

to show that no substantial conflict existed in the evidence upon which the findings complained of are based; nor that the facts and inferences deducible therefrom, as found by the court, are contrary to the evidence. But the record shows that such a conflict existed, and does not show that any of the facts found are contrary to the evidence.

Regarding the sum of $220 claimed by the plaintiff, he testified that in May, 1886, early one morning while suffering from a sudden illness, which he thought might prove fatal, and when no one else but himself and defendant were present, he gave the defendant two packages of money, containing $100 each, $25 in gold, and a handful of silver; he heard the defendant, in counting all but the silver, make $190 of it, and further on he said defendant counted $220 in all. Defendant testified that he received but $124.50. Poole, who was called for defendant, testified that he did not see Baker take the money from plaintiff; and that all he knew about the amount was from what Baker showed him, viz., one package of $120 and $5 in silver. Thus it appears that upon this point there is a decided conflict in the testimony of the parties. The testimony of Poole was of little value, as he was not present when the transaction occurred, and only knew what the defendant exhibited to him afterward; and it was for the trial court to say whether it added sufficient weight to that of defendant to overcome the testimony of plaintiff.

A similar conflict of testimony exists as to the amount returned by the defendant to plaintiff. The latter said he received $50 with which to go to San Diego, and on his return he gave $10 back to defendant; that he received $50 for a pair of colts he sold, which presumably belonged to the defendant, and at another time received about $75, making $165 in all, as found by the court, while the defendant says he gave him $220 additional.

So it is with regard to the services and the value

thereof. The plaintiff says he was employed by defendant and worked for him for sixteen months; that nothing was said as to the rate of compensation, but he expected $30 per month, and there is abundant testimony to show that such services as he rendered were reasonably worth $30 per month. Defendant's evidence tends to show that plaintiff worked for less than that period for the agreed price of $15 per month, and that his services were not reasonably worth more.

As to the affirmative matter set up in defendant's answer, found by the court to have been settled before the commencement of the suit, there is but the conflicting testimony of the parties. The defendant denies that the items thus claimed by him were included in the settlement, while the plaintiff says: " I heard some of the testimony of defendant Baker, about a settlement we had at the time I quit work; a portion of it,—not all. I sold Baker some horses at that time; three head of horses, a cow, and a yearling, a buckboard, a wagon, and a harness, that he sold before he went out there. I put the whole thing together, and told him I would take $200 for the whole thing, and call it a trade. I told him that I did not include everything,— not my services and the $220. I started to take my things off, and he said, 'Hold on; we will call it a trade, if you say so.' 'All right, I will give it.' The trade was for $200 for that stuff and to pay my expenses there, and did not include my services there or the money; that don't look reasonable."

It therefore clearly appears that there was evidence enough to sustain the findings, and that there was such a conflict in the evidence upon which the findings are based, that, under numerous decisions of this court, among which *Mallett* v. *Swain*, 56 Cal. 171, and *Stockman* v. *Riverside L. & I. Co.*, 64 Cal. 57, may be cited, they cannot be disturbed, and the judgment and order appealed from, therefore, ought to be affirmed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT.—For the reason given in the foregoing opinion, the judgment and order appealed from are affirmed.