[No. 15955.   Department Two.—July 15, 1895.]

## C. H. GAROUTTE, RESPONDENT, v. STEPHEN WILLIAMSON ET AL., APPELLANTS.

NEW TRIAL—CONDITIONAL ORDER GRANTING MOTION—EFFECT OF REFUSAL TO COMPLY.—Where a motion for a new trial made by the defendants is granted on condition that they pay to the plaintiff within a time named his costs of suit, and the defendants refused to comply with the condition imposed, the motion must be regarded as having been denied.

TROVER—CONVERSION OF WHEAT—INDORSEMENT OF WAREHOUSE RECEIPT— PLEDGE—PRESUMPTION—BURDEN OF PROOF.—In an action of trover to recover damages for the conversion of wheat, the warehouse receipt for which had been indorsed and delivered to a bank, the plaintiff's ownership of the wheat being proved, it is to be presumed that the plaintiff had a right to its present possession at the time of the conversion, and the burden of proof is upon the defendants to show that the indorsement made upon the back of the warehouse receipt was made by authority, and that on the security of it money was advanced or loaned by the bank which had not been repaid, and that there was an existing indebtedness secured by a pledge of the wheat to the bank at the time of its conversion by the defendants, and, in the absence of such proof, a judgment in favor of the plaintiff cannot be reversed upon the ground that there was no evidence to show that the indebtedness to the bank had been paid at the time of the conversion.

ID.—EFFECT OF WAREHOUSE RECEIPT—NEGOTIABLE PAPER.—A warehouse receipt is negotiable paper, and under the statute in relation to ware-

house receipts, the property represented thereby is transferable by the indorsement of the party to whose order it was issued.

APPEAL—REVIEW OF INSTRUCTIONS—EXCEPTIONS TAKEN TOO LATE.—Errors in the giving or refusing of instructions are errors in law occurring at the trial, which must be excepted to at the time the errors occurred, or they cannot be reviewed upon appeal; and, where the bill of exceptions does not show any attempt to take exception to the action of the court in regard to the instructions until after the jury had retired and deliberated upon their verdict, exceptions thereafter taken are too late, and must be disregarded upon appeal.

EVIDENCE—REMOVAL OF WHEAT—DECLARATIONS OF WAREHOUSEMAN—OWNERSHIP—RES GESTÆ.—The statements of a warehouseman as to the ownership of wheat removed from the warehouse and loaded by him upon a barge, identifying the wheat removed, and made at the time of its removal, are admissible in evidence as part of the *res gestæ.*

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order granting a new trial. CHARLES W. SLACK, Judge.

The facts are stated in the opinion.

*W. S. Goodfellow,* and *Edward R. Taylor,* for Appellants.

The jury disregarded the instruction of the court, that an action of trover cannot be maintained unless the owner was in the actual possession at the time of the alleged conversion. (*Triscony* v. *Orr,* 49 Cal. 612.) The law as stated in the charge of the court was binding on the jury, whether right or wrong, and a verdict contrary to the law as declared by the trial court must be set aside. (*Emerson* v. *Santa Clara County,* 40 Cal. 543; *Karr* v. *Parks,* 44 Cal. 46, 50; *Aguirre* v. *Alexander,* 58 Cal. 30.)

*Dunne & McPike,* and *Robert Y. Hayne,* for Respondent.

The new trial must be considered as denied. (*Garoutte* v. *Haley,* 104 Cal. 497.) The statements of the warehouseman at the time of the loading of the wheat on the barge were part of the *res gestæ,* and admissible. (Code Civ. Proc., sec. 1850; *Tait* v. *Hall,* 71 Cal. 152; *Davis* v. *Drew,* 58 Cal. 158; *Robinson* v. *Haas,* 40 Cal. 478; *Gilchrist* v. *Bale,* 8 Watts, 355; 34 Am. Dec. 469; *Swift*

v. *Massachusetts Mut. Life Ins. Co.,* 63 N. Y. 190; 20 Am.
Rep. 522; *Curtis* v. *Moore,* 20 Md. 96; *Crowther* v. *Gib-
son,* 19 Mo. 365; *Wetmore* v. *Mell,* 1 Ohio St. 26; 59 Am.
Dec. 607.)   The verdict of the jury is right, and should
not be disturbed for disregard of erroneous instructions.
(Code Civ. Proc., sec. 475; Hayne on New Trial and
Appeal, secs. 128, 278, 284, 286, 371; 3 Graham &
Waterman on New Trials, 862, et seq; Hilliard on New
Trial, 211; Thornton on Juries and Instructions, sec.
195; Thompson on Trials, sec. 2402; *Myrick* v. *Hicks,*
15 Ga. 155; *Cameron* v. *Watson,* 40 Miss. 209; *Decatur
Bank* v. *St. Louis Bank,* 21 Wall. 301; *Pico* v. *Stevens,* 18
Cal. 376, 378; *Tompkins* v. *Mahoney,* 32 Cal. 231; *Robin-
son* v. *Western Pac. R. R. Co.,* 48 Cal. 424; *Hughes* v.
*Wheeler,* 76 Cal. 233; *Los Angeles Cemetery Assn.* v. *Los
Angeles,* 103 Cal. 461.)   There was no proof of the in-
dorsement of the warehouse receipt, or of any facts
inconsistent with plaintiff's right to possession.   (*Nic-
olls* v. *Bastard,* 2 Cromp. M. & R. 659; *In re Westerfield,*
96 Cal. 116; *Page* v. *O'Brien,* 36 Cal. 559.)   There being
no proof or offer of the indorsement in evidence it can-
not be considered as proven.   (*Pinkham* v. *McFarland,*
5 Cal. 137; *Sinclair* v. *Wood,* 3 Cal. 100; *Powell* v. *Hen-
dricks,* 3 Cal. 427; *Hudson* v. *Simon,* 6 Cal. 454; *Burnett*
v. *Lyford,* 93 Cal. 114.)   The exception to the instruc-
tions cannot be reviewed for want of a proper exception
at the time the instructions were given.   (*Clark* v. *His
Creditors,* 57 Cal. 639; *Chester* v. *Bower,* 55 Cal. 46; *Mc-
Coy* v. *California Pac. R. R. Co.,* 40 Cal. 534; 6 Am.
Rep. 623; *Wilkinson* v. *Parrott,* 32 Cal. 105; *Collier* v.
*Corbett,* 15 Cal. 183; *Holverstot* v. *Bugby,* 13 Cal. 44;
*Maeris* v. *Bicknell,* 7 Cal. 262; 68 Am. Dec. 257; *Light-
ner* v. *Menzel,* 35 Cal. 459; *Hicks* v. *Coleman,* 25 Cal. 146;
85 Am. Dec. 103; Code Civ. Proc., sec. 646; *Mallett*
v. *Swain,* 56 Cal. 172.)   It is immaterial whether the
wheat was pledged, in an action by the general owner
for conversion of it by a stranger, and such action may
be maintained by a pledgor by virtue of his general
ownership.   (Jones on Pledges, sec. 434; 18 Am. & Eng.

Ency. of Law, 656; *Bodine* v. *Simmons,* 38 Mich. 683; *Tharpe* v. *Stallwood,* 5 Man. & G. 760.)

BELCHER, C.—This is an action to recover damages for the conversion of two thousand one hundred and sixty-eight sacks of wheat. The complaint is in the usual form, alleging the conversion by defendants on the thirteenth day of October, 1892, and the answer denies all of its material averments.

The case was tried before a jury, and the verdict and judgment were in favor of the plaintiff. Defendants moved for a new trial, and their motion was granted on condition that they pay to the plaintiff, within a time named, his costs of suit, amounting to two hundred and twenty-six dollars. They refused to comply with the condition imposed, and, as a consequence, their motion " must be regarded as having been denied." (*Garoutte* v. *Haley,* 104 Cal. 497.) In due time they appealed from the judgment and the order.

The facts proved on behalf of the plaintiff were in substance as follows: The wheat in controversy was a portion of thirteen thousand four hundred and sixty sacks of wheat which, during the year 1892, was raised on a farm in Yolo county by a firm known as Hays & Garoutte, of which the plaintiff was a member. All of the wheat was taken to and stored in the Phœnix Warehouse at Knight's Landing, then owned and controlled by one W. P. Merrill. On September 5, 1892, a warehouse receipt for said wheat in the statutory, negotiable form, signed by Merrill, the warehouseman, was issued to Hays & Garoutte; and from that time up to and including October 6, 1892, there was no wheat in the warehouse except that so placed there by Hays & Garoutte.

At some time after Merrill gave the said warehouse receipt to Hays & Garoutte he issued another negotiable warehouse receipt, in the ordinary form, for two thousand one hundred and sixty-eight sacks of wheat, to one Nelson, as the depositor thereof, but in fact

Nelson had not then and never had any wheat in the warehouse.

Subsequently Nelson indorsed and delivered the receipt so received by him to one McGlauflin, and on the 6th of October, 1892, by the direction of McGlauflin and under the superintendence of Merrill, the two thousand one hundred and sixty-eight sacks of wheat in controversy were taken from the warehouse and loaded on a barge and then shipped to Port Costa. "The said wheat was thereafter, and while in transit to Port Costa, in this state, sold by the said McGlauflin to the defendants in this action, and the said wheat was thereafter delivered to the defendants and received by them into their warehouse at Port Costa on the thirteenth day of October, 1892."

The wheat was taken without the knowledge or consent of Hays & Garoutte, and immediately after its shipment Nelson and Merrill left Yolo county and disappeared.

On the 24th of February, 1893, Hays & Garoutte assigned and transferred to the plaintiff all their right, title, and interest in and to the wheat in controversy, and in and to any cause of action which they then had against the defendants for the conversion thereof; and thereafter, on the 24th of March, 1893, plaintiff commenced this action.

It was proved by defendants that in the latter part of September, 1892, Hays & Garoutte placed their warehouse receipt in the Bank of Woodland as security for advances, or for a loan, and that it remained there until January 4, 1893, when it was returned to them.

The court instructed the jury that if, at the time the wheat was taken by defendants, if it was taken as claimed by plaintiff, a warehouse receipt for the same had been indorsed and delivered to the Bank of Woodland by Hays & Garoutte, and at that time was held by the bank under said indorsement, as security for an indebtedness not then paid, then plaintiff could not recover. "If, however, the indebtedness to the Bank of

Woodland was paid at the time the wheat in contro-
versy came into the possession of the defendants, if you
find it did so come, then Hays & Garoutte were entitled
to the possession of the same, and they, or their assignee
have a right to maintain this action."

Appellants contend that the verdict was not justified
by the evidence, and was contrary to the instructions
of the court, because there was no evidence showing
that, at the time of the alleged conversion, their indebt-
edness to the bank had been paid by Hays & Garoutte.

We do not think the judgment can be reversed on
this ground. It is true that on the back of the ware-
house receipt, as presented in evidence, there was writ-
ten the name "Hays & Garoutte," but the record entirely
fails to show when it was written, or that it was written
by, or by authority of, any member of the said firm.
And the record also entirely fails to show that there
were any advances, or that there was any loan made by
the bank to Hays & Garoutte, or that there was any
existing indebtedness from them to the bank on the 6th
of October, or from that time to and including the thir-
teenth day of the same month. But if there was such
indebtedness, secured by a pledge of the wheat, the
burden was upon the defendants to show it. The own-
ership of the wheat by Hays & Garoutte was clearly
established, and from that ownership the presumption
that they had a right to its present possession followed
as a necessary sequence. That presumption was not
overcome by the showing made by defendants. To sus-
tain their theory they should have gone further and
should have shown that the receipt was indorsed by
Hays & Garoutte, or by their authority, and that under
and on the security of it money was advanced or loaned
to them by the bank, which had not been repaid at the
time of the conversion.

Counsel for appellant suggests that it is immaterial
whether the receipt was indorsed or not, but this can-
not be so. The receipt was negotiable, and, under the
statute in relation to warehouse receipts (Stats. 1877–

78, p. 949), the property was transferable by the indorsement of the party to whose order it was issued.

In solving questions on appeal only the record presented can be looked at, and, in view of the record here presented, the appellants' contention that the verdict was not justified by the evidence, and was contrary to the instructions of the court, cannot be sustained.

The point is made that the court erred in refusing to give to the jury several instructions requested by defendants, and in modifying some of their instructions and giving them as modified. This point cannot, in our opinion, be considered.

It is well settled that errors in the giving or refusing instructions are "errors in law occurring at the trial," which must be excepted to or they cannot be reviewed on appeal. And "the exception must be taken at the time the decision is made." (Code Civ. Proc., sec. 646.) In *Collier* v. *Corbett*, 15 Cal. 183, it was held that where instructions to the jury are not excepted to at the time they are given or refused, and a motion for new trial is made for error in giving or refusing such instructions, they cannot be considered on appeal from the order denying the motion. And in *Mallett* v. *Swain*, 56 Cal. 171, it was held that an exception to the instructions of the court, taken after the retirement of the jury, is too late.

Here the bill of exceptions does not show any attempt to take an exception to the action of the court in regard to the instructions until after the jury had retired and deliberated for some time on their verdict. Subsequently, it is said, the jury twice returned into court for further information, and after that is found the statement that "the defendants then and there excepted to the refusal of the court to give to the jury the instructions requested by them, and excepted also to the action of the court in modifying the instructions requested by the defendants."

The record, in our opinion, cannot be construed as showing that the exceptions were taken before the jury

retired.    They were therefore too late, and must be disregarded.

There was no error in admitting in evidence the statements of the warehouseman, Merrill, as to the ownership of the wheat loaded on the barge.    The statements served simply to identify the wheat removed, and, being made at the time of the removal, they were a part of the *res gestæ*.    Besides, if it was error to admit the statements, it was harmless, as it was otherwise shown beyond controversy that the wheat removed was the wheat of Hays & Garoutte.

The judgment and order should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

HENSHAW, J., McFARLAND, J.

TEMPLE, J.—I concur in the judgment.

A petition for a hearing in Bank having been filed, the same was denied, and from the order refusing the hearing in Bank the following dissenting opinions were filed on the 14th of August, 1895:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause.    Not because I think the plaintiff failed to prove facts entitling him to a judgment, but because, in my opinion, the cause was tried in the superior court, and has been decided here, upon an erroneous view of the law.

The issues of fact were submitted to the jury under instructions to the effect that if the bank held the warehouse receipt, properly indorsed by plaintiff's assignors, as security for a loan at the time defendants purchased and took possession of the wheat, the plaintiff could not maintain the action.

It is conceded, in the opinion of the court, that this theory was correct, but the judgment is affirmed on the

ground that the defendants failed to prove the existence of the bailment at the date of the conversion. In my opinion the existence of such a bailment at the date of the conversion was no defense to an action to recover compensation for an injury to the reversionary interest of the pledgors, commenced after payment of the debt and return of the pledge, and, therefore, I am satisfied that the actual result of the litigation is just. But I cannot assent to the grounds upon which the decision of this court is placed. If the theory of the defense was a sound one it is clear to my mind that the facts were fully proved.

TEMPLE, J.—I dissent from the order refusing a rehearing, because I am convinced that under the instructions the verdict is not warranted by the evidence. I agree with the chief justice as to the law which ought to have governed at the trial.