Reynolds v. Dunlap.

---

### W. H. Reynolds v. E. P. Dunlap.
#### No. 14,467.   (84 Pac. 720.)

1. Malicious Prosecution—*Instructions.* It was said that an instruction that actions for malicious prosecution have never been favored would have been erroneous.

2. ———— *Probable Cause.* What is, and what is not, the test of probable cause discussed.

3. ———— *Damages — Evidence.* The failure of a party to secure his release upon his own recognizance was said not to prove conclusively that he attached small importance to his arrest or to deprive him of the right to damages on the ground that he did not consider himself injured.

Error from Norton district court; Abel C. T. Geiger, judge. Opinion filed February 10, 1906. Affirmed.

*E. D. McKeever,* and *L. H. Wilder,* for plaintiff in error.

*C. D. Jones,* and *J. L. McPheely,* for defendant in error.

*Per Curiam:* The court has examined each assignment of error made in this proceeding, and after a consideration of the entire case is unable to declare that prejudicial error was committed. Many of the specifications are ashes from which the heat of the fire of the trial has subsided. Such are those relating to leading questions, evidence merely immaterial, and instructions refused in form but given in substance. Most of the testimony assailed is not, when fairly considered, open to criticism. Standing alone, a few answers appear to be improper; but the entire body of the evidence is such that the verdict and judgment ought not to be set aside on account of the occasional infraction of an arbitrary rule.

It would have been error to have told the jury that actions for malicious prosecution have never been favored. Conduct sufficient to excite a well-grounded suspicion in men unskilled in technical rules of law is not the test of probable cause. The jury should not allow for the prejudice, partiality and excitement of a person instituting a prosecution in which he is interested in determining his liability. The standard is that which a reasonably prudent man would do. The fact that a person arrested did not secure his release upon his own recognizance does not as a matter of law indicate that he attached small importance to his arrest or incarceration, or deprive him of the right to damages on the ground that he did not consider himself injured. Instructions embodying these misstatements of the law were rightfully refused, and all other instructions asked were either given in substance or properly refused. Considered separately, one or two instructions given seem to be brief; but this is probably a matter for commendation. When all the instructions given are read together they fairly present the law of the case.

Upon the whole the parties appear to have been

Bishop v. Railway Co.

afforded a fair trial. A full publication of the views of the court upon each specific question raised would only encumber the reports, and it is sufficient to say that the judgment of the district court is affirmed.