[Civ. No. 454. First Appellate District.—April 2, 1908.]

## CHAS. H. FLEISCHHAUER, Respondent, v. LENA C. FABENS, Appellant, and HERBERT FABENS, Co-defendant.

APPEAL—REVIEW OF INSTRUCTIONS.—Where the trial was had prior to the adoption of the amendment of 1907 to section 647 of the Code of Civil Procedure, providing that instructions to juries are deemed excepted to, where no exceptions were taken to the instructions of the court given apparently of its own motion, they cannot be reviewed or considered upon appeal.

ID.—REFUSAL OF REQUESTED INSTRUCTIONS.—The court properly refused requested instructions, which were not in harmony with appellant's contention, or which were mere statements of the testimony, or which were embodied in the instructions given by the court, or which are mere abstract propositions of law.

ID.—MALICIOUS PROSECUTION—IMPROPER INSTRUCTION.—It was proper, in an action for malicious prosecution, to refuse a requested instruction stating that "actions for malicious prosecution are not favored in law." It would have been error so to have instructed the jury.

ID.—MALICE TO BE PROVED—PERSONAL GRUDGE NOT ESSENTIAL.—In an action for malicious prosecution malice must be proved; but it is not essential to show that there must exist in the mind of the prosecution any hostility, or any feeling of personal grudge or ill-will, against the accused.

ID.—CHARGE OF LARCENY OF HORSE—PROBABLE CAUSE—REASONABLE BELIEF OF CHARGE ESSENTIAL—PROPOSED INSTRUCTION.—A proposed instruction as to probable cause for a charge of the crime of larceny of defendant's horse by the plaintiff, which leaves out of consideration the question whether, at the time of the institution

of the criminal prosecution, the defendant did in fact believe, and have reasonable ground to believe, the plaintiff guilty of the crime charged, was properly refused.

ID.—ESTRAY LAW—CIVIL REMEDY—INSTRUCTIONS PROPERLY REFUSED—CRIMINAL CHARGE NOT JUSTIFIED.—Instructions requested upon the theory that the plaintiff claimed to have taken up the defendant's horse as an estray, and that the jury were entitled to be instructed as to what constituted an estray, and as to the law governing the taking up and impounding of such animals, were properly refused. If the plaintiff claimed more than he was entitled to under the estray law, the defendant had a remedy in a civil action, but these matters give no justification for demanding the issuance of a warrant on the charge of stealing the horse.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Jas. P. Sex, and Wm. A. Bowden, for Appellant.

Rogers, Bloomingdale & Free, for Respondent.

KERRIGAN, J.—This is an action for malicious prosecution. The plaintiff was arrested on a charge of grand larceny preferred by the defendant, and at the hearing before a justice of the peace he was discharged. He thereupon brought this action for damages for malicious prosecution, and after a trial by jury recovered judgment against the defendant for the sum of $377 and costs.

This is an appeal from the judgment and from an order denying defendant's motion for a new trial.

Very briefly the facts of the case are, that plaintiff and defendant lived in the same neighborhood in San Jose; that defendant was engaged in the business of selling milk, and owned a mare, which she drove in a wagon in making deliveries; that on the evening of March 6, 1905, the mare was put in pasture, she was missing the next morning, and, after considerable search, was found in the barn of plaintiff.

One of defendant's witnesses testified that the morning after the mare had been placed in the field, he examined the fences, gates and bars of the inclosure, and found them all

in good repair; that the gates were closed, and the bars up; that no other animal was missing.

The evidence introduced on behalf of the plaintiff shows that on the morning of March 7, 1905, the day on which the criminal prosecution was instituted, the plaintiff found the animal in question in his garden; that he did not know to whom she belonged, and that he took her up and tied her in his barn; that defendant, upon learning the whereabouts of the animal, demanded her possession, and was told that she could have the mare upon paying $2.50, the amount of damage claimed to have been done by the animal to plaintiff's garden. Thereupon defendant immediately caused the arrest of the plaintiff upon the charge of grand larceny in stealing her horse.

Appellant complains of six of the instructions given by the court, apparently of its own motion. No exception was taken by appellant to any of these instructions, and we cannot, therefore, consider them. (*Garoutte* v. *Williamson,* 108 Cal. 141, [41 Pac. 35].) (This case was tried before the adoption of the amendment, in 1907, to section 647, Code of Civil Procedure, providing that instructions to juries are deemed excepted to.)

Appellant also contends that the court erroneously refused to give her requested instructions Nos. 3, 4, 5, 6, 9, 10, 14 and 15, in that it thereby refused to group the facts, and tell the jury that if they found the facts a certain way there was or was not probable cause, as the case might be, and that they should find accordingly. (*Ball* v. *Rawles,* 93 Cal. 227, [27 Am. St. Rep. 174, 28 Pac. 937].) Most of such requested instructions are not in harmony with appellant's contention. Proposed instructions Nos. 3 and 10 are mere statements of the testimony. No. 4 does not appear in the transcript, and was doubtless adopted and given by the court in its general instructions. Nos. 5 and 9 are mere statements of abstract propositions of law, the first of which was properly refused, and the latter of which was given in substance by the court's own instructions, except that part of it which states that "actions for malicious prosecution have never been favored in law." It would have been error to so have instructed the jury. (*Reynolds* v. *Dunlap,* 73 Kan. 759, [84 Pac. 720].) No. 6 is an attempted definition and application of the term "malice." The court, in its in-

structions, gave a definition of the term "malice," which for the purpose of this case was entirely sufficient. The proposed instruction, after giving an apt illustration of the application of the term "personal malice," directs the jury that if the appellant acted *without any personal feeling* against the respondent, they should find for the appellant. It is elementary that in actions of this nature malice must be proved, but it is not true that there must necessarily exist in the mind of the prosecutor any hostility or any feeling of "personal grudge" or "ill-will" against the accused. (19 Am. & Eng. Ency. of Law, 675, 676; *Wild* v. *Odell*, 56 Cal. 136.) No. 12 is the first of the proposed instructions at all in keeping with the theory upon which it is claimed all of these instructions were offered; but in refusing to give it the court, we think, committed no error. The instruction sets forth certain enumerated facts, and in effect tells the jury that if it finds these facts to be true, appellant acted with probable cause, and would be entitled to a verdict. The instruction reads: "I instruct you, gentlemen of the jury, that if you believe that said animal was so placed in pasture by said employee of defendants, and on the morning in question was missing, and that no means of said animal escaping or estraying from said pasture field appears from the evidence, and that the said animal was thereafter found in the possession of the plaintiff, and that no reasonable explanation was given as to how said animal came into the possession of said plaintiff, then that said Lena C. Fabens was, if these facts had been communicated to her, justified in making complaint against said plaintiff, charging him with grand larceny." This proposed instruction leaves out of consideration whether, at the time of instituting the criminal prosecution, the appellant herself did in fact believe the respondent guilty of the crime charged. The facts stated in this instruction, it may be conceded, are sufficient to warrant a reasonable person in believing the crime charged was true, and still the appellant here may not in fact have believed the charge, and unless she did so believe, she acted without probable cause. The point is expressly ruled on in the case of *Harkrader* v. *Moore*, 44 Cal. 151, and it was there held that a request for an instruction upon the question of probable cause, not embodying this element as to the actual belief

8 Cal. App.—3

of the prosecutor in the guilt of the accused, was properly refused. The court said: ''The gravamen of the action is that the defendant instituted the proceedings without probable cause—that is, without having at the time such knowledge or information of the circumstances as would superinduce in the mind of an ingenuous and unprejudiced person of ordinary capacity a reasonable belief that the plaintiff was guilty of the charge. The defense must be that he did believe, and had reasonable grounds to believe, at the time that the accusation he made was well founded. 'Probable cause does not depend on the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party prosecuting. It must appear that the defendant knew of the existence of those facts which tended to show reasonable and probable cause, because without knowing them he could not act upon them; and also that he believed the facts amounted to the offense which he charged, because otherwise he will have made them the pretext for prosecution without even entertaining the opinion that he had a right to prosecute. (2 Greenleaf on Evidence, sec. 455.)' ''

And in the case of *Ball* v. *Rawles,* 93 Cal. 233, 234, [27 Am. St. Rep. 174, 28 Pac. 937], it was held that an instruction given by the court upon this question of probable cause, which omitted this element as to the actual belief of the defendant in the guilt of the accused, was error.

Proposed instruction No. 14, which was refused, was covered by the fourth instruction given by the court.

Proposed instructions from 16 to 24, the refusal to give which is also complained of as error, were requested upon the theory that respondent claimed to have taken up the animal in question as an estray, and that the jury was entitled to be informed as to what constituted an estray, and as to the law governing the taking up and impounding of such animals. We think the court committed no error in refusing to give these instructions. Whether the respondent claimed more than he was entitled to under the estray law, or whether he was entitled to detain the animal, were not questions at issue in this case. If he was not entitled to detain the animal, appellant had her remedy in a civil action, but these matters afforded no justification in any sense

whatever for demanding the issuance of a warrant on the charge of stealing the horse.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.