HORTON, Judge
(dissenting).
I am unable to agree with my able colleagues in the decision reached in this case or the authority upon which the decision rests.
*734 This appeal was from a summary judgment entered in favor of the appellee in an action based on malicious prosecution.
The facts are these: The appellee, a licensed small loan company, made a loan to a colored man and worn an who represented themselves as Kit Monns and Mary Lee Monns, his wife, and as such signed a note for $225. The man claimed inability to write and signed the note with a mark. Default occurred upon the first payment due under the note and as a result, appellee dispatched its investigator to ascertain why. The investigator determined that Kit Monns was not the same person who had obtained the loan from appellee, but instead one Willie Ballard, impersonating Monns, had in fact committed the forgery in Monns’ name. Ballard admitted the forgery and promised to pay the appellee’s loan which apparently he never did. However, Ballard did implicate the appellant as his accomplice. Some attempts were made by appellee’s investigator to locate the appellant but without success. Thereafter, the appellee’s agents, including the investigator, went to an assistant county solicitor and related substantially the facts set out and one of them signed an affidavit or complaint upon which basis the county solicitor filed an information against the appellant resulting in her arrest. Upon being called for trial, an agent of the appellee advised the prosecuting officer that appellant was not the person who committed the crime. The prosecuting officer thereupon announced a nolle prosequi of the charges against appellant. Suit was thereafter filed by the appellant for damages alleging malicious prosecution by appellee.
The appellee set up two defenses to the appellant’s charge, namely, (1) that it acted in good faith in instituting criminal proceedings against the appellant upon the belief that it had probable cause that she had committed the offense charged, and (2) that prior to the institution of the criminal proceedings, appellee’s agents had appeared before an assistant county solicitor and had made a full, complete and true disclosure of all the facts and circumstances known to them concerning said charge, and that after such disclosures, and relying upon the advice of the assistant county solicitor, one of the agents of the appellee signed the complaint against the appellant. Motion for summary judgment was based upon the pleadings as well as the deposition of one of the agents of the appellee, the deposition of the assistant county solicitor and affidavits of other agents of the appellee-corporation, upon the theory that no genuine issue as to any material fact existed and that as a matter of law the appellee was entitled to judgment.
The burden of establishing an affirmative defense such as was interposed here was upon the appellee. Likewise, the burden of showing lack of probable cause, malice, damages, prosecution and termination of prosecution in favor of the appellant is upon the appellant to sustain by a preponderance of the evidence. A failure to sustain any one of these elements is fatal to a recovery. Ward v. Allen, 152 Fla. 82, 11 So.2d 193; Glass v. Parrish, Fla.1951, 51 So.2d 717, at page 718. The affidavits submitted on behalf of the appellee, together with the deposition of one of its agents, overwhelmingly show that the appelllee did not know the identity of the appellant and did not wish to prosecute her. However, notwithstanding these disclaimers, the appellee nontheless signed an affidavit that put in motion the processes of the law to prosecute the appellant, a person whom the appellee admittedly did not know, and, as it follows, could not have known of any complicity she might have had in the crime. Certainly the affidavits and the depositions are not so clear in their showing of good faith, full disclosure and probable cause as would justify the conclusion that as a matter of law the appellee was entitled to a summary judgment. It is hard to understand how one could contend that he has probable cause to believe that a person whom he does not know may be guilty of a crime, and at the same time urge that he should be protected by a good faith *735 disclosure of such information to a prosecuting official. In this instance, the appellee admittedly had no reason to even suspect the appellant of the commission or complicity in the commission of the crime charged, because through its agents it admits that they had never seen the appellant, had no way of knowing who she was, whether she was the same person who appeared in their office with the perpetrator of the crime, or any other pertinent information upon which a reasonable person could conclude that the crime had probably been committed by the appellant. As the Supreme Court of Florida said in Glass v. Parrish, supra [51 So. 2d 720] :
“Good faith is always an essential element to be considered on the question of probable cause. We quote with approval from the case of Franzen v. Shenk, 192 Cal. 572, 221 P. 932, 934, wherein the Supreme Court of California said: ‘The rule in this behalf is stated in Fleischhauer v. Fabens, supra [8 Cal.App. 30, 96 P. 17], where it is held, in effect, that the good faith of the defendant is an essential element in the defense of probable cause; and that even though a defendant shows reasonable grounds of suspicion, sufficiently strong in themselves as to warrant a cautious man in the belief that there was probable cause for the prosecution, nevertheless, if it be apparent that he did not himself believe in the guilt of the accused, then the circumstances upon which he relied will not suffice to shield and vindicate him.’ The California Supreme Court also approved and quoted from Broad v. Ham, 132 English Reprints 1278, the following language: ‘It would be a monstrous proposition that a party who did not believe the guilt of the accused, should be said to have a reasonable and probable cause for making the charge.’ ”
Therefore, how can it be said here that the appellee, who admittedly had no knowledge of the guilt or probable guilt of the appellant, could make the charges and thereafter contend that he had reasonable and probable cause therefor?
In Perez v. Rodriguez, 155 Fla. 501, 20 So.2d 654, the Supreme Court of Florida said:
“In action for malicious prosecution, consisting in signing lunacy petition against plaintiff, issues of malice, probable cause, reliance upon advice of counsel, and damages were for jury.”
The Court further reaffirmed that statement and approved similar language from an Indiana appellate court in Glass v. Parrish, supra:
“We approve the following quotation from the appellate court of Indiana in the case of Cleveland, C., C. & St. L. Ry. Co. v. Dixon, 51 Ind.App. 658, 96 N. E. 815, 816: ‘ “What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court; the latter for the jury. This subject must necessarily be submitted to the jury when the facts are in controversy; the court instructing them what the law is.” Pennsylvania Company v. Weddle, 100 Ind. 138, at page 147, and authorities there cited.’ ”
We are completely aware of the fact that suits founded upon malicious prosecution have generally found little favor with the courts; but until the Legislative prerogative to rescind or annul the right to bring such actions is exercised, we must assume that the rights of the litigants thereunder will be measured by the same principles existent in other proceedings.
The majority decision is based upon the case of Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294. This case I do not feel is controlling of the issues involved on this appeal. In the first place, the Groves case was a jury trial that resulted in a ver- *736 diet favorable to the plaintiff in the lower court, and was reversed on appeal, and secondly, the court found that there was probable cause to prosecute Groves whereas in this case no such conclusion is apparent.
I would therefore reverse the summary judgment and remand the cause for a jury trial upon the issues made by the pleadings.